Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000466
30-JAN-2013
10:48 AM

NO. CAAP-11-0000466

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


SHAWN FELIPE, Claimant-Appellee-Appellant,
v.
CITY & COUNTY OF HONOLULU, HONOLULU EMERGENCY
SERVICES DEPARTMENT, Employer-Appellant-Appellee, Self-Insured


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2007-392 (2-05-00761))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

In this workers' compensation case, Claimant-Appellant
Shawn Felipe (Felipe) appeals from the "Attorney's Fee Approval
and Order" (Order) filed by the Labor and Industrial Relations
Appeals Board (LIRAB) on June 3, 2011. Felipe sought to have the
attorney's fees and costs he incurred in defending against the
appeal to the LIRAB by Employer-Appellee/Self-Insured City and
County of Honolulu, Honolulu Emergency Services Department
(Employer) assessed against Employer pursuant to Hawaii Revised
Statutes (HRS) § 386-93(b) (Supp. 2012).[1/] The LIRAB, however,
did not assess Felipe's attorney's fees and costs against
Employer. Instead, the LIRAB issued the Order which approved

_____

[1/] HRS § 386-93(b) provides in relevant part:

> If an employer appeals a decision of the director or appellate
> board, the costs of the proceedings of the appellate board or the
> appellate court, together with reasonable attorney's fees, shall be
> assessed against the employer if the employer loses[.]

$9,160.93 in Felipe's attorney's fees and costs, but only as a lien upon compensation payable by Employer pursuant to HRS § 386-94 (Supp. 2012).[2/]

On appeal, Felipe argues that Employer was the loser in its appeal to the LIRAB, and therefore the LIRAB erred in failing to assess Felipe's attorney's fees and costs against Employer pursuant to HRS § 386-93(b) and in only approving them as a lien on compensation. We agree. We vacate the Order and remand the case to the LIRAB with instructions to assess the $9,160.93 in Felipe's attorney's fees and costs, which the LIRAB found were reasonable, against Employer pursuant to HRS § 386-93(b), and not as a lien on compensation payable by Employer.[3/]

I.

A.

Felipe was employed as a lifeguard (Water Safety Officer II) by Employer. On December 17, 2004, while on duty, Felipe was involved in the rescue and attempted resuscitation of a distressed swimmer at Sandy Beach on O'ahu. Despite the efforts of Felipe and other rescuers, the swimmer died. Felipe sought treatment with psychologist Jeanne R. Hogan, Ph.D (Dr.

---

[2/] HRS § 386-94 provides in relevant part:

> Claims for services shall not be valid unless approved by the director or, if an appeal is had, by the appellate board or court deciding the appeal. Any claim so approved shall be a lien upon the compensation in the manner and to the extent fixed by the director, the appellate board, or the court.

> In approving fee requests, the director, appeals board, or court may consider factors such as the attorney's skill and experience in state workers' compensation matters, the amount of time and effort required by the complexity of the case, the novelty and difficulty of issues involved, the amount of fees awarded in similar cases, benefits obtained for the claimant, and the hourly rate customarily awarded attorneys possessing similar skills and experience. In all cases, reasonable attorney's fees shall be awarded.

[3/] Felipe requested a total of $10,162.02 in attorney's fees and costs, and the LIRAB approved the reduced amount of $9,160.93, as reasonable. On appeal, neither Felipe nor Employer challenge the total amount of the attorney's fees and costs approved by the LIRAB. We therefore affirm the LIRAB's determination that $9,160.93 in fees and costs was reasonable.

2

Hogan), who diagnosed Felipe as suffering from Post Traumatic Stress Disorder (PTSD) as a result of the drowning incident. Felipe subsequently filed a claim for workers' compensation benefits.

Dr. Hogan initially released Felipe to return to part-time, light-duty work beginning in April 2005, and Felipe returned to work on this basis in April 2005. However, according to Dr. Hogan, Felipe suffered recurrences of his PTSD symptoms, including those triggered by his involvement in a civil suit filed by the deceased swimmer's family, which disabled him from returning to work after July 2005 and during 2006. After paying Felipe temporary total disability (TTD) benefits and temporary partial disability (TPD) benefits in 2005 and 2006, Employer requested a medical records review by M.J. Scheinbaum, M.D. (Dr. Scheinbaum). In a report dated November 20, 2006, Dr. Scheinbaum opined that Felipe's symptoms should have abated within three to six months after the drowning incident.

By letter dated January 16, 2007, Employer informed Felipe that it intended to terminate his workers' compensation benefits effective January 30, 2007. In response, Felipe requested a hearing, and on August 3, 2007, the Director of the Department of Labor and Industrial Relations (Director) issued a decision. Among other things, the Director determined that Felipe was entitled to TTD benefits for the periods: 1/15/2005 through 4/1/2005; 4/17/2005 through 4/22/2005; 5/22/2005 through 5/27/2005; and 7/31/2005 through 6/12/2007, and that Felipe was entitled to TPD benefits for the periods: 4/3/2005 through 4/16/2005; 4/24/2005 through 5/21/2005; and 5/29/2005 through 7/30/2005. In reaching this decision, the Director credited Dr. Hogan's opinion regarding Felipe's condition and ability to work.

B.

On August 22, 2007, Employer appealed the Director's decision to the LIRAB. The issues presented to the LIRAB on appeal were:

3

a.   Whether [Felipe] is entitled to [TTD] benefits, and if
     so, what is the period of TTD resulting from the work
     injury of December 17, 2004.

b.   Whether [Felipe] is entitled to TPD benefits, and if
     so, what is the period of TPD resulting from the work
     injury of December 17, 2004.

The parties agreed to waive their right to a full evidentiary hearing and have the LIRAB decide the appeal based on their written position statements and the record. In its position statement, Employer argued that any TTD or TPD caused by Felipe's December 17, 2004, work injury ended by May 31, 2005. In support of this argument, Employer cited: (1) the opinion of Kyle Boone, Ph.D, who performed an independent medical examination of Felipe, that Felipe's reaction to the December 17, 2004, incident "would have been expected to resolve within six months"; (2) Dr. Scheinbaum's opinion that "three to six months would have been more than enough for [Felipe's] symptoms to signifcant[ly] abate"; and (3) evidence that Felipe had performed as a stand-up comedian beginning in May 2005.

On April 21, 2011, the LIRAB issued its Decision and Order, which modified the Director's decision.[4] The LIRAB affirmed the Director's decision that Felipe was entitled to TTD or TPD for the specified periods between January 15, 2005, and March 23, 2007. The LIRAB specifically rejected Employer's argument that Felipe was not entitled to TTD or TPD for any period after May or June of 2005, noting that Employer did not object to Felipe's entitlement to TTD or TPD until January 17, 2007, and that Dr. Hogan's reports supported Felipe's claims for TTD and TPD through March 23, 2007. However, the LIRAB overturned the Director's determination that Felipe was entitled to TTD for the period between March 23, 2007, and June 12,

---

[4] We note that the LIRAB's Decision and Order erroneously states that the case was before it "on appeal by [Felipe]" of the Director's decision, whereas the record shows that it was Employer who appealed the Director's decision.

4

2007,[5] because no certificates of disability to support an award of TTD had been submitted by Felipe's attending physician for this period.

The LIRAB's Decision and Order was served on Felipe on April 21, 2011. Felipe's attorney submitted an "Amended Request for Attorney's Fees," which was dated May 5, 2011, and file-stamped May 9, 2011. Felipe sought attorney's fees of $9,470.50 and costs of $234.23, for a total of $10,162.02. Felipe specifically requested that "any approved fees be designated as payable by the employer pursuant to 386-93(b) as the employer appealed the issue of temporary total disability and 'lost.'"

On June 11, 2011, the LIRAB issued the Order. The LIRAB determined that attorney's fees and costs in the reduced total amount of $9,160.93 were reasonable. The LIRAB approved this sum and ordered that "[t]he approved sum is made a lien upon compensation payable by Employer. [Felipe] is otherwise responsible for payment of the approved amount." Contrary to Felipe's request, the LIRAB did not assess the $9,160.93 in attorney's fees and costs against Employer pursuant to HRS § 386-93(b).

II.

HRS § 386-93(b) provides in relevant part:

> If an employer appeals a decision of the [D]irector or [the LIRAB], the costs of the proceedings of the [LIRAB] or the appellate court, together with reasonable attorney's fees, shall be assessed against the employer if the employer loses[.]

(Emphasis added.)

We conclude that Employer "lost" its appeal of the Director's decision to the LIRAB. Accordingly, pursuant to HRS § 386-93(b), Felipe was entitled to have his reasonable

---

[5] The LIRAB's Decision and Order erroneously states that the Director determined that Felipe was entitled to TTD benefits through *July* 12, 2007, whereas the Director only determined that Felipe was entitled to TTD benefits through *June* 12, 2007. The LIRAB's Decision and Order then states that there are no certificates of disability by Felipe's attending physician to support an award of TTD or TPD between March 23, 2007, and July 12, 2007.

attorney's fees and costs assessed against Employer, and the LIRAB erred in failing to assess Felipe's approved fees and costs against Employer.

Under HRS § 386-93(b), the winner or prevailing party in an appeal is the party that was successful on the crucial or main issue, and the loser of the appeal is the party that was unsuccessful on that issue.  See Mitchell v. BWK Joint Venture, 57 Haw. 535, 550-51, 560 P.2d 1292, 1301 (1977); Survivors of Iida v. Oriental Imports, Inc., 84 Hawaiʻi 390, 403, 935 P.2d 105, 118 (App. 1997); see also  Food Pantry, Ltd. v. Waikiki Business Plaza, Inc., 58 Haw. 606, 620, 575 P.2d 869, 879 (1978) ("[W]here a party prevails on the disputed main issue, even though not to the extent of his original contention, he will be deemed the successful party for the purpose of taxing costs and attorney's fees." (footnote omitted)).

The crucial or main issue raised by Employer in its appeal of the Director's decision to the LIRAB was whether Felipe was entitled to TTD and TPD benefits between January 15, 2005, and June 12, 2007, as determined by the Director, based on Felipe's December 17, 2004, work injury.  On appeal to the LIRAB, Employer argued that any TTD or TPD caused by Felipe's December 17, 2004, work injury ended by May 31, 2005.  In other words, Employer contested approximately 24 1/2 months (June 1, 2005, to June 12, 2007) of TTD and TPD benefits to which the Director had determined Felipe was entitled.  The LIRAB affirmed the Director's determination that Felipe was entitled to TTD and TPD benefits with respect to approximately 22 of the 24 1/2 months (June 1, 2005, to March 23, 2007) and overturned the Director's decision with respect to approximately 2 1/2 months (March 24, 2007, to June 12, 2007).[6/]  Under these circumstances, we conclude that Felipe was the prevailing party and Employer was the loser in its appeal to the LIRAB under HRS § 386-93(b).

---

[6/] See footnote 5, supra.

Employer does not seriously contest Felipe's claim that Employer lost its appeal to the LIRAB. Instead, Employer contends that the LIRAB is not required to declare a winner or loser in the appeal. Based on this premise, Employer argues that because the LIRAB did not specifically declare that Employer lost the appeal or that Felipe was the prevailing party, the LIRAB was not required to apply HRS § 386-93(b). We disagree.

Employer cites no authority to support the proposition that the LIRAB can ignore an employee's request for the assessment of attorney's fees and costs and avoid the requirements of HRS § 386-93(b) simply by declining to address whether an employer lost its appeal. In <u>Survivors of Iida</u>, 84 Hawai'i at 403, 935 P.2d at 118, this court stated that "the legislature's intent in enacting HRS § 386-93(b), in its simplest form, was to compel employers to shoulder the costs of unsuccessful appeals from workers' compensation decisions, while simultaneously easing the financial burden of claimants who must expend time and resources responding to unsuccessful appeals." We conclude that Employer's contention that the LIRAB could avoid applying HRS § 386-93(b) by declining to address whether Employer lost the appeal is inconsistent with the plain language of the statute and the Legislature's intent in enacting it. Accordingly, we reject Employer's contention and hold that the LIRAB erred in failing to assess Felipe's approved attorney's fees and costs in the amount of $9,160.93 against Employer.

III.

Employer alternatively argues that Felipe's request for attorney's fees and costs was untimely under Hawai'i Administrative Rules (HAR) § 12-47-55 (1994), and therefore the LIRAB lacked jurisdiction to award or assess attorney's fees and costs. HAR § 12-47-55 provides that a request for approval of fees pursuant to HRS § 386-94 shall be filed within ten calendar days following the LIRAB's filing of a final decision and order.

The LIRAB filed its Decision and Order on April, 21, 2011. Felipe's attorney submitted an Amended Request for Attorney's Fees, which was dated May 5, 2011, and filed with the LIRAB on May 9, 2011.[2/]

Assuming arguendo that the HAR § 12-47-55 time period for filing applies to requests for the assessment of attorney's fees and costs under HRS § 386-93(b), we reject Employer's claim that the time period for filing under HAR § 12-47-55 is jurisdictional. The jurisdictional requirements for filing an appeal with the LIRAB are set forth in HRS § 386-87 (1993), which provides that a party seeking to appeal a decision of the Director must file a notice of appeal within twenty days after a copy of the decision is sent to each party. Employer cites no authority to support its jurisdictional claim, and we find no basis to conclude that HAR § 12-47-55 imposed a jurisdictional limitation on the LIRAB's ability to consider Felipe's request for the assessment of attorney's fees and costs under HRS § 386-93(b). Notwithstanding the time limits set forth in HAR § 12-47-55, the LIRAB decided to consider Felipe's request for attorney's fees and costs, and we conclude that it was within the LIRAB's power to do so.

IV.

For the foregoing reasons, we vacate the LIRAB's June 3, 2011, "Attorney's Fee Approval and Order," and we remand the case to the LIRAB with instructions to assess the $9,160.93 in Felipe's attorney's fees and costs, which the LIRAB found were

---

[2/] Although the document submitted by Felipe's attorney is entitled "Amended Request for Attorney's Fees," there is no indication in the record that a prior request for attorney's fees was submitted or filed.

reasonable, against Employer pursuant to HRS § 386-93(b), and not as a lien on compensation payable by Employer.

DATED: Honolulu, Hawai'i, January 30, 2013.

On the briefs:

Stanford H. Masui
Erin Masui
(Law Offices of Stanford H. Masui)
for Claimant-Appellee-Appellant

Paul K. Hoshino
Deputy Corporation Counsel
City and County of Honolulu
for Employer-Appellant-Appellee,
  Self-Insured

Chief Judge

Associate Judge

Associate Judge

9